PER CURIAM.
Bonita Lewis challenges an order entered sua sponte by the trial court which (i) released Charles Ellis Lewis, appellee, from his incarceration under a contempt order which had been based on appellee’s failure to pay appellant’s attorney’s fees and costs incurred in the parties’ dissolution action; and (ii) established a schedule pursuant to which ap-pellee would pay, in part, the appellant’s attorney’s fees. We affirm in part, reverse in part, and remand.
By order dated December 17, 1994, appel-lee was ordered to pay the appellant’s attorney’s fees and costs of $7,516.90 incurred in the parties’ dissolution proceeding, plus interest on the total sum at the statutory rate of 12% per annum. On September 5, 1995, the appellant filed a motion for an order of contempt alleging that the appellee had failed to pay her attorney’s fees as ordered. After a hearing, the lower court found that the appellee had the ability to pay the award of attorney’s fees and costs, but willfully had not done so. Accordingly, on September 15, 1995, the appellee was found in contempt and the sheriff was directed to incarcerate appel-lee until he paid the amount owed, plus accrued interest.
Approximately three months later, on December 8, 1995, the lower court, on its own *809 motion, adopted a payment schedule which had been submitted by the appellee on December 27,1994, almost one year earlier. In this order, appellee was instructed to pay $50 a month for a year “after which a reconsideration will be made.” By the same order, appellee was released from incarceration.
Appellant challenges the order, arguing that the lower court has abused its discretion by sua sponte discharging its contempt order, thereby releasing appellee without full satisfaction of the outstanding debt, and by directing appellee to pay a monthly amount which is less than the accruing monthly interest on the total obligation for fees and costs.
Appellant has offered no substantive argument as to how the lower court erred in releasing the appellee from jail. As a necessary corollary to the authority to impose incarceration as a sanction for civil contempt, a trial court possesses the inherent authority to end that sanction. See Bashir v. Bache, 557 So.2d 628 (Fla. 4th DCA 1990); Morgan v. Foretich, 564 A.2d 1 (D.C.App.1989). Thus, we find no error in the release of appellee in the instant ease.
As for the payment schedule, we do agree with appellant that the trial court erred in adopting a payment schedule which requires appellee to pay less than the interest accruing monthly on the total obligation established in the final judgment. See Urbieta v. Urbieta, 469 So.2d 930 (Fla. 3d DCA 1985), and Bleakley v. Bleakley, 680 So.2d 1048 (Fla. 4th DCA 1996).
Accordingly, we affirm that part of the order releasing appellee from his incarceration, we reverse that part of the order obliging appellee to pay only $50 per month, and we remand the cause for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part and REMANDED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.